UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| AMY B.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL NO. 3:22cv10 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act and for Supplemental Security Income (SSI) under Title XVI of the Act. Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental impairment

---

[1] For privacy purposes, Plaintiff's full name will not be used in this Order.

is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

   1.   The claimant meets the insured status requirements of the Social Security Act through June 30, 2017.

2

2. The claimant has not engaged in substantial gainful activity since January 1, 2013, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: attention deficit disorder (ADD), major depressive disorder, generalized anxiety disorder and premenstrual dysphoric disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant is unable to perform complex tasks. The claimant can perform simple, routine tasks and instructions throughout the workday. The tasks contemplated are SVP 1 and 2 type tasks that can be learned within a short period through short demonstration, or when beyond short demonstration, within up to 30 days. The tasks may be as simple and mundane task such as taking and packing the same item all day every day, or a task that is simple in nature but completed before moving to the next task, such as picking up one item, inspecting it for a flaw-such as a bur, and placing it into piles or boxes all day every day or such as vacuuming, then emptying trash cans and then dusting, in one office or room before moving to the next office or room. The claimant can meet production requirements in an environment that allows him/her to sustain a flexible and goal oriented pace. The individual should not be exposed to sudden or unpredictable work place changes in terms of use of work tools, work processes or work settings, and if there are workplace changes, they are introduced gradually. The claimant is limited from fast paced work such as assembly line production work with rigid or strict productivity requirements. The claimant is limited to superficial interaction with coworkers, supervisors and the public, with superficial interaction defined in the manner that casual conversation can take place if so desired and if allowed by the employer but that prolonged and intense conversation is not necessary in order to achieve task completion. Contact with supervisors still involves necessary instruction. Interaction is otherwise occasional in nature. The individual can perform work that does not require tandem shoulder-to-shoulder work activity. The claimant can respond or adapt to the changes, cope with the stress and engaging in the decision making required of such tasks. With such limitations in place, the claimant can maintain the concentration, persistence, adaptation and even the pace required of such tasks for two-hour increments, and for eight hour workdays - within the confines of normal workplace breaks and lunches - on a sustained day-to-day basis.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on May 16, 1976 and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 528-546).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to benefits, leading to the present appeal.

Plaintiff filed her opening brief on June 14, 2022. On August 22, 2022 the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the Commissioner's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test

4

as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). In the present case, Step 5 was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ erred in the RFC assessment and failed to give proper weight to her treating psychologist, Dr. Jay Fawver. As the Commissioner points out, however, Plaintiff does not directly contend that the limitations the ALJ included in the RFC finding are beyond her abilities. Nor does she contend that the ALJ ignored relevant evidence in reaching his finding that she could perform such work. Rather, Plaintiff asserts that the ALJ "should have" given more weight to a January 29, 2013 note from her treating psychiatrist, Dr. Jay Fawver, and to a 2016 consultative examination report from a non-treating source, Dr. Heath Fervida. Plaintiff also asserts, without discussion, that those notes "describe a person that is severely impaired and limited to a work preclusive degree" (Pl. Br. 22).

"Although an ALJ generally affords 'more weight to the opinion of a source who has examined' a claimant than to the opinion of a source who has not, the weight ultimately given to that opinion depends on its consistency with and objective medical support in the record; the

5

quality of the explanation the source gave for the opinion; and the source's specialization." *Givens v. Colvin*, 551 F. App'x 855, 860 (7th Cir. 2013) (quoting 20 C.F.R. § 404.1527(c) and citing *Roddy v. Astrue*, 705 F.3d 631, 637 (7th Cir. 2013)). Here, the ALJ discussed the evidence submitted by Plaintiff's psychiatrist, Dr. Fawver.

The ALJ noted that on January 10, 2013, Dr. Fawver "reported [Plaintiff] with poor working memory, decreased frustration, very poor response to attention deficit disorder medications, and impulsiveness," which was the doctor's notation for the diagnosis of attention deficit hyperactivity disorder (Tr. 535, *see* Tr. 426). Despite that notation Plaintiff was still working at that time, and on mental status exam, she demonstrated "logical and sequential thought processes, goal directed and coherent thought processes, coherency, appropriate thought content, denial of disorientation, no memory issues, average intellect, appropriate insight, appropriate/good judgment, exhibition of foresight, no suicidal or homicidal ideation, receptive behavior, pleasant demeanor, good eye contact, interpersonal connectivity and relatedness, conversiveness, good grooming, and appropriate dress" (Tr. 535; *see* Tr. 425–26). This, the ALJ explained, indicated that Plaintiff was functioning "at a high level/degree with treatment, while working and all the while without significant deficits in affect, speech, thought content, thought process, memory, insight, judgment, social interaction, personal care, psychomotor behavior, adaptation, comprehension, understanding, remembering, applying information, orientation, demeanor, etc." (Tr. 535). The ALJ held that those facts did not support greater limitations than included in the RFC, the claimant's allegations of disabling impairment, or statements from Dr. Fawver indicating greater limitation (Tr. 536).

The ALJ noted that Plaintiff reported worsening symptoms to Dr. Fawver on January 29,

2013, including the fact that she was no longer working outside the home (Tr. 536 (citing Tr. 428)). Dr. Fawver included the same notation as to the diagnosis of attention deficit hyperactivity disorder as he had in the January 10 note, and Plaintiff demonstrated a constricted and anxious mood and mildly pressured speech (Tr. 429), but, as the ALJ noted, she—once again—"had no deficits" in most areas tested on mental status exam (Tr. 536). As the ALJ noted, Plaintiff was leaving for a trip to Hawaii the next month; a few months later, she reported that she was still working as a stylist and makeup artist (Tr. 536 (citing Tr. 428, 445)). The ALJ explained, again, that these records "reflect no significant deficits in affect, speech, thought content, thought process, memory, insight, judgment, social interaction, personal care, psychomotor behavior, adaptation, comprehension, understanding, remembering, applying information, orientation, demeanor, focus, persistence, pace, adaptation, etc." (Tr. 536)).

Clearly, the ALJ considered and assessed the evidence from Dr. Fawver and explained how he did so. In fact, the ALJ returned to that evidence later on when discussing two opinions from Dr. William Biberstine (who was, the ALJ noted, Plaintiff's uncle) that expressly discounted statements from "psychiatrists" (like Dr. Fawver) who "spend little time with clients" (Tr. 541–42 (citing Tr. 851)).

The Commissioner, not this Court, is responsible for weighing the evidence, resolving conflicts, and making independent findings of fact. A reviewing court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus*, 994 F.3d at 900; *see also Powers*, 207 F.3d at 434–35. A reviewing Court will "reverse only if the record compels a contrary result," *Gedatu*s, 994 F.3d at 900. Here, Plaintiff has not demonstrated

7

that that is the case. Thus, there is no basis for remand on this issue

With respect to the consultative examination report submitted in November 2016 by Dr. Fervida, the ALJ devoted twenty-six lines of text to assessing Dr. Fervida's report:

> Dr. Fervida, consultative examiner, stated she will have great difficulty being consistent in sustained activity, especially if it involves interaction with the public or with other people on a consistent basis. The claimant's understanding appeared to be average, but she had poor mathematic ability. Her ability to understand instructions and follow them appeared to be fair, but follow through was greatly disrupted by anxiety. Her concentration was poor, and her frustration tolerance appeared to be poor. Dr. Fervida also stated the claimant is likely to have great difficulty in social interactions (Exhibit 5F). Dr. Fervida's November 2016 findings for fair ability to understand, great disruption y anxiety, poor concentration, great deficits in social interaction, etc. are the result of findings from conversation and a one-time exam with the claimant. These findings are not at all well supported by the repeated activities described by the claimant, to the mental health providers, including attending school for a Ph.D., attending a year-long intensive training as a life coach, the claimant's engaging in a marathon, travels, driving, running of a business, working two jobs as a stylist and makeup artist, working with highly positioned people in their endeavor to learn about leadership, and her report for having no difficulties getting along with coworkers. It is not consistent with the fact that she reported to her mental health providers that she took medication holidays and did not take medications on weekends or that she took medications when just working. It is not consistent with, and is unsupported by, the years of mental health treatment notes, from actual mental health providers, that reflect the fact that her many complaints to treating physicians were also accompanied by overall repeated findings of no overall deficits in memory, demeanor, behavior, motor behavior, orientation, level of alertness, thought process, thought content, cognition, speech (generally), social demeanor/interaction, etc. All of the above is discussed above and not reiterated. Dr. Fervida's medical source statement, based upon a one-time exam, does not constitute a finding of disability when considered in light of the content of the actual treatment notes from 2012 through June 2017. As such, the undersigned assigns partial weight to actual examination findings, but the medical source statement is less than persuasive.

(Tr. 540). Plaintiff challenges none of the ALJ's substantive analysis of this evidence. Rather, she simply asserts that the opinion "should have been given substantial weight. (Pl. Br. 21–22). The Plaintiff has demonstrated neither a lack of substantial evidentiary support for the ALJ's findings

nor legal error in reaching them. The ALJ's articulation is sufficient and his findings are supported by substantial evidence—that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.  As there is no basis for remand, the decision will be affirmed.

<u>Conclusion</u>

On the basis of the foregoing, the Decision of the Commissioner is hereby AFFIRMED

Entered: November 7, 2022.

s/ William C.  Lee<br>
William C. Lee, Judge<br>
United States District Court